IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **JEFFREY MAIER**, *et al.* ) | |
| ) | Case No. 3:22-cv-0339 |
| v. ) | Judge Campbell |
| ) | Magistrate Judge Holmes |
| **BOUNDS PERFORMANCE, INC.**, *et al.* ) | |

**MEMORANDUM ORDER**

For the reasons discussed below, default is entered against Defendant Jenifer M. Scharsch. Plaintiffs may proceed with an appropriate request for default judgment under Fed. R. Civ. P. 55(b).[1]

**Background and Procedural History**[2]

This action was brought to collect amounts that Plaintiffs contend were withheld from Plaintiff Jeffrey Maier's compensation for payment of insurance premiums, but which were misappropriated by Defendants in violation of ERISA and common law and contractual duties owed to Plaintiffs and for other relief. (Docket No. 1.) The complaint also raises claims of conversion and insurance fraud. (*Id*.) Defendants were originally represented by counsel and Scharsch answered the complaint. (Docket No. 11.) Defendant Bounds Performance, Inc. filed bankruptcy and the case was stayed against Bounds Performance. (Docket Nos. 12 and 13.) However, the bankruptcy case was dismissed shortly after filing (Docket No. 14), Bounds

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.
[2] Familiarity with this case is presumed and only those facts and procedural history necessary to give context to or explanation of the Court's ruling are recited.

Performance also answered the complaint (Docket No. 16), and this case proceeded against both Defendants. (Docket No. 15.)

Following an initial case management conference, a scheduling order was entered that set deadlines for discovery and other case management events. (Docket No. 20.) Within the month following entry of the case management order, Defendants' counsel moved to withdraw. (Docket No. 24.) Withdrawal was approved and Defendants were given time to retain new counsel. (Docket No. 25.) Bounds Performance was cautioned that it could not proceed without counsel and that failure to retain counsel would be grounds for entry of default judgment. (*Id*. at 1-2.) Scharsch was cautioned that if she elected to proceed *pro se*, the leniency afforded to her was not without limits and she would not be permitted to disregard the rules of procedure or to ignore the Court's orders. (*Id*. at 2-3.) Additionally, Scharsch was expressly warned that failing to comply with the rules of procedure and the Court's orders could result in any of the remedies authorized by Rule 16(f), including default judgment. (*Id*. at 3.)

Upon the failure of Bounds Performance to retain counsel as directed, Plaintiffs moved for entry of default. (Docket No. 26.) Plaintiffs also filed a status report of Defendants' deficiencies in discovery and otherwise in complying the case management schedule. (Docket No. 27.) The Court ordered Defendants to show cause why default judgment should not be entered against them, including for Bounds Performance's failure to retain counsel and their combined failure to satisfy their discovery and other obligations as litigants. (Docket No. 28.) Defendants failed to respond or otherwise show cause by the February 15, 2023 deadline as ordered. The Clerk of Court subsequently entered default against Bounds Performance. (Docket No. 29.)

**Legal Standards and Analysis**

Entry of default under Rule 55(a) may be made by either the clerk of court or a judge. *McGinnis v. Rentech Sols., Inc.*, No. 2:LL-CV-00670, 2012 WL 1537611, at *1 (S.D. Ohio May 1, 2021) (citing *Dassault Systems, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011)); *see also Dow Corning v. Jie Xiao*, No. 11-10008, 2013 WL 4039371, at *5 (E.D. Mich. Aug. 7, 2013) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.") (quoting 10A Charles Allan Wright et al., FEDERAL PRACTICE & PROCEDURE § 2682 (3d ed.1998)).[3] Entry of default is a nondispositive matter that may be directed by an order of a magistrate judge. *Willen v. Norfolk S. Ry. Co.*, No. 3:04-CV-116-S, 2006 WL 2632078, at *2 (W.D. Ky. Sept. 13, 2006); *see also United States v. Scherer*, No. 2:14-CV-0452, 2016 WL 1047139, at *2 (S.D. Ohio Mar. 16, 2016) (treating entry of default by Magistrate Judge as nondispositive).

Rule 55(a) provides authority for the court to enter default against a defendant who does not "otherwise defend." The language of Rule 55(a) is unambiguous. A default may be entered against a party either for failing to plead or for failing to "otherwise defend." Although the Sixth Circuit has not spoken definitively on the issue of whether default can be entered against a party who has answered, the majority of circuits considering that question have broadly construed Rule 55(a) to allow imposition of default against an answering party for later inaction that evinces a failure to defend. *See, e.g., City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2nd

---

[3] In determining that Rule 55(a) does not limit the authority of the court to enter default, the *Dow Corning* court cautioned, *id.*, quoting Judge Learned Hand, "There is no surer way to misread any document than to read it literally." *Guiseppi v. Walling*, 144 F.2d 608, 624 (2d Cir. 1944 (Hand, J. concurring). As noted in *Dow Corning*, "Rule 55(a) is one such document." 2013 WL 4039371, at *5.

3

Cir. 2011) (collection of cases).[4] Under the plain language of Rule 55(a), entry of default against Scharsch is warranted because there can be no disagreement that she has failed to "otherwise defend" this case.

Further, courts have long had the inherent authority to enter default as a sanction against a disobedient defendant. *See, e.g., Smith v. Comm'r*, 926 F.2d 1470, 1475 (6th Cir. 1991) ("It is well established that courts have inherent power to dismiss and/or enter default when a party disobeys a court order or otherwise interferes with the efficient administration of justice." While Scharsch is allowed some leniency because she is currently unrepresented by counsel, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Kirby v. Memphis Security Co.*, No. 1:01-CV-151, 2003 WL 22509412, at *5 (E.D. Tenn. Nov. 5, 2003) (citations omitted). Being an unrepresented litigant does not permit Scharsch to simply ignore "clearly communicated court orders and … litigate this case on terms of [her] own choosing." *Cunningham v. Enagic USA, Inc.*, No. 3:15-847, 2016 WL 5415106 at *1 (M.D. Tenn. Sept. 28, 2016) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)); *see also West v. Adecco Employment Agency*, 124 F. App'x 991, 992 (6th Cir. 2005) ("Courts have refused to excuse *pro se* litigants who failed to follow basic procedural requirements such as meeting 'readily comprehended' court filing deadlines."). Scharsch was repeatedly warned – to no avail – that her continued failure to comply with the Court's orders would result in sanctions, including imposition

---

[4] In at least one case, the Sixth Circuit discussed both possibilities, citing authority for the proposition that the phrase "otherwise defend" in Rule 55(a) "refers to defenses and objections available to a defendant by motion prior to filing an answer," and authority for the proposition that "failure to defend" as used in Rule 55(a) is "the reverse side of 'failure to prosecute' as used in Fed. R. Civ. P. 41." *Smith v. Commissioner of Internal Revenue,* 926 F.2d 1470, 1478 (6th Cir.1991). In *Smith,* however, it was unnecessary for the Court to decide which construction was correct.

of default judgment against her. Entry of default for Scharsch's consistent disregard for the Court's orders is warranted as a sanction under the Court's inherent authority.

Regardless of the Court's inherent authority and the scope of Rule 55(a), default is an appropriate sanction under Rule 16(f) and Rule 37 for Scharsch's conduct in failing to cooperate in discovery and failing to comply with the Court's direct and plain instructions. Rule 16(f) authorizes courts to issue orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), for a party's failure to obey a scheduling or other pretrial order. Fed R. Civ. 16(f)(1)(C). Rule 37(b)(2)(A) lists several potential sanctions for discovery abuses, including the option of entering default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). Rule 37(d)(3) also permits imposition of default judgment as a sanction for a party's failure to appear for a deposition or to answer discovery.

In determining the scope of an appropriate sanction under Rule 37 (and by extension, Rule 16(f)), the Sixth Circuit has directed district courts to consider: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary has been prejudiced; (3) whether the disobedient party was warned that failure to cooperate could lead to the sanction; and, (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir.1997). "Willfulness, bad faith, or fault" can only be found where the party to be sanctioned has displayed "an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008) (internal quotation omitted). However, even though admittedly drastic, a district court may properly impose default as a sanction when a party has the ability to comply with a discovery order and does not. *Stooksbury v. Ross*, 528 F. App'x 547, 552 (6th Cir. 2013) (internal citations omitted).

5

All the requisite considerations compel entry of default against Scharsch here. The Court has no hesitancy in finding that Scharsch is at fault in failing to cooperate in discovery and to otherwise follow the Court's directives, including to show cause why default and default judgment should not be entered against her, and that such failures are willful and in bad faith. Scharsch was given multiple opportunities and ample time to demonstrate her willingness to properly defend this case. That she has not done so despite repeated warnings of the consequences demonstrates a willful intent to thwart this action and a reckless disregard for the effect on Plaintiffs and the Court, which has resulted in unnecessary expenditures of time and resources by Plaintiffs and of the Court's already limited judicial resources. This first consideration therefore supports entry of default and default judgment against Scharsch.

Entry of default – and, ultimately imposition of default judgment – against Scharsch is likewise warranted by the other considerations as well. There is substantial prejudice to Plaintiffs from Scharsch's actions because Plaintiffs cannot proceed with necessary discovery, cannot attempt to resolve this case, and cannot otherwise prepare this case for trial due to Scharsch's intentional failure to comply with her responsibilities as a litigant and her intentional disregard for the Court's directives. By her failure to respond, Scharsch has offered no evidence that she is unable to comply with her discovery obligations or otherwise to manage and prepare this case. Scharsch was repeatedly warned that her failure to cooperate in discovery and to follow the Court's directives could result in default judgment against her. Scharsch was additionally given an explicit opportunity to show cause for some less drastic alternative, which she completely ignored. Given Scharsch's blatant lack of response to the Court's warnings and the unambiguous directive to show cause for why default judgment should not be entered against her, the Court is convinced that less

drastic alternatives would not result in any other outcome.[5]

## Conclusion

For all these reasons, default is entered against Defendant Jenifer Scharsch. Plaintiffs may proceed with an appropriate request for default judgment under Fed. R. Civ. P. 55(b).[6]

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[5] Further, Scharsch has now apparently changed mailing addresses without any notification to the Court (*see* returned mail at Docket Nos. 31 and 32), which further evidences her disregard for this case and further supports entry of default. Plaintiffs and the Court should not be required to expend any more time or resources on litigation in which Scharsch has clearly lost interest.

[6] Plaintiffs are reminded of their responsibility to ensure that this case proceeds expeditiously to disposition, including by promptly seeking a default judgment. The Court does not intend to provide further reminders to Plaintiffs and will simply caution that failure to timely proceed with necessary action to dispose of this action may result in adverse consequences. *See* Fed. R. Civ. P. 16(f).